The Honorable Mark Perry State Representative Post Office Box 97 Jacksonville, Arkansas 72078-0097
Dear Representative Perry:
You have requested my opinion concerning chambers of commerce and city monies. Yours questions, together with background information, are as follows:
 1. Does acting as the `front door' to the community allow allocation of city funds? The Chamber of Commerce will typically supply newcomers and visitors with city maps, visitor guides, information regarding area attractions and local businesses. It also acts as the primary contact for industrial prospects by maintaining listings of available properties and answering any questions they may have regarding locating in Jacksonville.
 2. If the answer is "yes," under what guidelines are Chambers of Commerce allowed to receive sales tax monies from a city?
RESPONSE
If by "allocation of city funds" you mean donation of city funds, then the answer to your first question is "no." This conclusion is compelled primarily by Article 12, Section 5 of the Arkansas Constitution, which provides as follows:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation, or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual. *Page 2 
I am attaching for your information a copy of Ark. Op. Att'y Gen. No. 99-408, in which my predecessor analyzed in detail the constitutional restrictions that apply to a local unit of government's donating its public funds. My predecessor pointed out that as a black-letter proposition of law, Ark. Const. art. 12, § 5 precludes municipalities from directly donating tax revenues to private entities regardless of how exalted the purposes served by those entities might be.[1] Additionally, this office has specifically opined that art. 12, § 5 prohibits a municipal donation to a chamber of commerce.[2]
As further noted in the enclosed Opinion 99-408, however, nothing precludes a city from contracting with private entities to provide services that advance a public purpose.[3] The general rule, therefore, is that a city cannot appropriate money for a private corporation or an individual absent a valid agreement for services.[4] To be valid, the agreement must be supported by adequate consideration and serve a legitimate public purpose.[5]
It may bear noting in this regard that in the case of so-called "hamburger tax funds," which are administered by a municipal advertising and promotion ("A P") commission, state law provides that such funds are to be used, inter alia, for "[a]dvertising and promoting of the city and its environs[.]"[6] You have not specifically identified the "city funds" referenced in your first question; but if A P funds are at issue, I believe the use of such funds as consideration for a chamber of commerce providing the services mentioned would generally be permissible.[7] I note, additionally, that an A P commission is statutorily *Page 3 
authorized to contract with any civic group or chamber of commerce for services connected with tourism and conventions.[8] This assumes, of course, that consideration for the transaction is adequate. Whether the contract is supported by adequate consideration is a factual question that can be determined only upon a thorough review of the particular agreement at hand.
As for your second question regarding applicable guidelines, please refer to the discussion above.[9] As indicated, the questions of adequate consideration and contractual purpose are questions of fact.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] See also Op. Att'y Gen. Nos. 2005-205 and 2003-047 (and opinions cited therein).
[2] Op. Att'y Gen. 2008-048 (and opinions cited therein).
[3] Accord Op. Att'y Gen. 2003-047 (opining that a city may enter into a contract with a private humane society under which the humane society performs for the city the city's task of preventing cruelty to animals.)
[4] Accord Op. Att'y Gen. Nos. 96-287, 93-274, 91-410, and 87-232.
[5] See Op. Att'y Gen. 2003-047 (and opinions cited therein).
[6] A.C.A. § 26-75-606(a)(1)(A)(i) (Repl. 2008).
[7] Cf. Op. Att'y Gen. 2007-276 (opining that no provision of statutory or constitutional law would preclude a city's advertising and promotion commission from using so-called "A P funds" as consideration for a private entity's operating a city museum of history). See also generally Op. Att'y Gen. 2008-121 (observing that "[a]n advertising and promotion commission has wide discretion in determining factually whether a particular use of advertising and promotion funds falls within the permissible uses thereof as stated in A.C.A. § 26-75-606.")
[8] A.C.A. § 26-75-606(c)(3).
[9] Because you have referred to "sales tax monies," it is also necessary to note that in the case of a sales tax that was levied for a particular purpose, revenues arising from such tax cannot lawfully be diverted to another purpose. Ark. Const. art. 16, § 11. See Page v. Alexander,206 Ark. 479, 177 S.W.2d 415 (1943).